**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Taniela Fakalolo Kivalu, | No. CV-25-04219-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is the Commissioner of the Social Security Administration's ("Defendant," "SSA") Motion to Dismiss. (Doc. 15). Plaintiff Taniela Fakalolo Kivalu filed a Response, (Doc. 18), and moved the Court to schedule a hearing to address the Motion to Dismiss, (Doc. 19). Defendant did not file a Reply in support of its Motion to Dismiss. The Court now rules.

## I.   BACKGROUND

Plaintiff filed suit on September 18, 2025 in Arizona Superior Court and Defendant removed the action to this Court under 28 U.S.C. § 1442(a)(1). (Doc. 1).

Plaintiff alleges he was a beneficiary of Medicare Part B benefits until Defendant wrongfully terminated his benefits for an "unknown reason." (Doc. 1-2 at 8). The Complaint alleges due process, wrongful termination, and breach of contract claims. (Doc. 1-2 at 9–10). Plaintiff asks the Court to reinstate his Medicare Part B benefits retroactively and award him $150 million in damages. (Doc. 1-2 at 11).

Defendant moves the Court to dismiss Plaintiff's Complaint for lack of subject

matter jurisdiction. (Doc. 15 at 1).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction. Federal courts are courts of limited subject matter jurisdiction and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts presume that "a cause lies outside this limited jurisdiction" and the burden of establishing the court's jurisdiction rests with the plaintiff. *Id.*; *Berdeaux v. U.S. Dept. of Educ. Loan Discharge Unit, San Francisco CA*, CV 10-1737-PHX-JAT, 2011 WL 3876001, at \*2 (D. Ariz. Sept. 2, 2011) ("On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff must demonstrate that subject matter jurisdiction exists to defeat dismissal.").

As a general rule, the United States may not be sued unless it has waived its sovereign immunity. *Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804, 806 (9th Cir. 2003). Accordingly, the Court lacks subject matter jurisdiction over claims against the United States unless the government consents to be sued. *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007); *Jachetta v. United States*, 653 F.3d 898 (9th Cir. 2011) (the United States' consent is a prerequisite for jurisdiction).

Because "[a]n action brought against a federal agency, such as the [Social Security Administration], is effectively one brought against the United States," courts similarly lack jurisdiction over actions against the SSA absent an express waiver of its immunity from suit. *Kenney v. Barnhart*, SACV 05-426 MAN, 2006 WL 2092607, at \*5 (C.D. Cal. July 26, 2006). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted). Any limitations and conditions upon the waiver must be strictly observed, *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997), and the Court will construe any ambiguities regarding the scope of the government's sovereign

immunity "in favor of the sovereign," *Lane*, 518 U.S. at 192. If a plaintiff cannot establish that its action against the United States falls within a waiver of sovereign immunity, the action must be dismissed. *See Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007).

## III.    DISCUSSION

As stated above, Plaintiff alleges that Defendants wrongfully terminated his Medicare Part B benefits, violated his right to due process, and breached the parties' "contractual relationship." (Doc. 1-2 at 9–10).

Defendant argues that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction under the doctrine of sovereign immunity. (Doc. 14 at 3). Plaintiff's response does not acknowledge or counter Defendant's sovereign-immunity arguments. (*See generally* Doc. 18).

The Medicare program, as established by Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395–1395mmm, pays for covered medical care that is provided to eligible aged and disabled persons. The Social Security Act contains a limited waiver of the United States' sovereign immunity for claims arising under the Act and provides as follows:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). The SSA is thus immune from any suit challenging an agency decision "except as herein provided." *Id.* The Ninth Circuit Court of Appeals has held that the phrase "except as herein provided" refers to 42 U.S.C. § 405(g), *see Hironymous v. Bowen*, 800 F.2d 888, 892 (9th Cir. 1986), which permits an individual to obtain judicial review of an agency decision in certain circumstances:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such

decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

Section 405(g) "limits judicial review to a particular type of agency action," and only permits review of "a final decision of the Secretary made after a hearing." *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (internal quotations omitted). The Social Security Act does not define "final decision," and it is instead defined by the SSA's regulations. *Sims v. Apfel*, 530 U.S. 103, 106 (2000); *see* 20 C.F.R. § 404.900(a)(1)–(4). Under the regulations, a claimant obtains a final decision only after completing the four steps of the administrative review process: (1) an initial determination; (2) reconsideration of the initial determination; (3) a hearing before an administrative law judge ("ALJ"); and (4) review of the ALJ's decision by the Appeals Council. 20 C.F.R. § 404.900(a)(1)–(4); *id.* § 404.900(a)(1)(5) ("When [the claimant] ha[s] completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, [the SSA] will have made [its] final decision.").

If a claim arising under the Social Security Act is not properly brought under 42 U.S.C. § 405(g), the claim must be dismissed for lack of subject matter jurisdiction. *Winters v. Comm'r of Soc. Sec. Admin.*, CV-18-03323-PHX-JAT, 2019 WL 3767012, at *4 (D. Ariz. Aug. 9, 2019); *see also Lopez v. Gumushyan*, 16-CV-07236-LB, 2017 WL 2118313, at *4 (N.D. Cal. May 16, 2017) ("Section 405(h) limits federal-court jurisdiction to claims brought through the . . . § 405(g) framework.").

The first question this Court must address is whether Plaintiff's claims "arise under" the Social Security Act. "A 'typical' case arising under the Social Security Act is one 'where an individual seeks a monetary benefit from the agency (say, a disability payment, or payment for some medical procedure), the agency denies the benefit, and the individual challenges the lawfulness of that denial.'" *Winters*, 2019 WL 3767012, at *4; *see also Calabrese v. Leavitt*, SACV 06-1217 CJC (RNBx), 2007 WL 9706370, at *4 (C.D. Cal. Sept. 19, 2007), *aff'd sub nom. Messer v. Sebelius*, 377 Fed. Appx. 615 (9th Cir. 2010) ("If

Plaintiffs are ultimately challenging the denial of Medicare benefits, or seeking to establish a right to future payments of benefits, their claims arise under the [Medicare] Act, and they must exhaust their administrative remedies [under 42 U.S.C. § 405(g)].").

Here, Plaintiff's constitutional, contract, and wrongful termination claims plainly "arise under" the Social Security Act because the claims all stem from the SSA's decision to terminate Plaintiff's Medicare Part B benefits. (Doc. 1-2 at 8 (stating that Plaintiff "respectfully submits this [C]omplaint" against the SSA "for unlawfully cancelling [Plaintiff's] Medicare Part B benefits"). Indeed, Plaintiff's Response to Defendant's Motion to Dismiss explicitly concedes that his case arises under the Act. (Doc. 18 at 9 ("The case properly falls under federal question jurisdiction, as it arises under the Social Security Act and involves claims against a federal agency.")).

The next question, then, is whether Plaintiff has complied with 42 U.S.C. § 405(g) to waive the SSA's sovereign immunity. He has not. Plaintiff has not exhausted his administrative remedies under § 405(g) because there was no "final decision" in this case. 20 C.F.R. § 404.900(a)(1)–(4) (detailing four-part administrative review process that must be completed for the SSA to reach a final decision). As stated above, the four steps are: initial determination; reconsideration; a hearing before an ALJ; and review before the Appeals Council. *Id.* The SSA made its "initial determination"—that is, terminating Plaintiff's Medicare Part B benefits—in February 2025. (Doc. 16 at 2).[1] In July 2025, Plaintiff appealed that denial by submitting a Request for Reconsideration. (Doc. 16 at 2). The SSA reinstated Plaintiff's Medicare Part B coverage in March 2026, (Doc. 16 at 2), a fact that Plaintiff concedes, (Doc. 18 at 34 (noting the SSA "initiated a restoration of [his] Medicare Part B benefits"); *see also* Doc. 19 at 1). The third and fourth steps of the

---

[1]    Document 16 is the sworn declaration of Cristina Genova Mac, whose job responsibilities include "providing support relating to numerous types of Social Security Administration (SSA) programs, including Medicare." (Doc. 16 at 1). The declaration contains details regarding the termination of Plaintiff's Medicare Part B benefits. The Court references the declaration to resolve Defendant's subject-matter-jurisdiction arguments pursuant to Rule 12(b)(1). *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

administrative review process never happened because the SSA granted Plaintiff the relief he requested by reinstating his benefits.

It is thus unclear to the Court what exactly Plaintiff is challenging.[2] Because the four-step administrative review process under 42 U.S.C. § 405(g) has not been satisfied, the SSA has not waived its sovereign immunity, and this Court lacks jurisdiction to resolve Plaintiff's claims.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 15) is **granted**. Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).  The Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Scheduling Hearing (Doc. 19) is **denied**.[3]

Dated this 19th day of May, 2026.

James A. Teilborg
Senior United States District Judge

---

[2]    Doc. 18 suggests that Plaintiff means to challenge the SSA's "belated restoration" of his Medicare Part B benefits without retroactively applying the benefits or acknowledging its alleged error for cancelling the benefits in the first instance. (Doc. 18 at 1).  These facts are absent from the Complaint, and in any event, it does not appear that Plaintiff challenged the SSA's conduct—i.e., the alleged failure to retroactively apply his reinstated benefits—through the agency's administrative review process.

[3]    The Court interprets this motion as a request for oral argument, *see* LRCiv 7.2(f), but will deny the request because oral argument will not aid the Court's decision-making process.  *See e.g.*, *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).