**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Taniela Fakalolo Kivalu,

Plaintiff,

v.

Commissioner of Social Security Administration,

Defendant.

No. CV-25-04219-PHX-JAT

**ORDER**

Pending before the Court is Plaintiff Taniela Kivalu's unopposed motion titled "Emergency Motion for Relief From Judgment Under Fed. R. Civ. P. 60(b)(1) And To Reopen Time To Appeal Under Fed. R. App. P. 4(a)(6); Declaration In Support; Request For Hearing." (Doc. 23 at 1). The Court now rules.

## I. BACKGROUND

In September 2025, Plaintiff filed suit against defendant "USA Department of Social Security," alleging Plaintiff's Medicare Part B benefits were unlawfully terminated. (Doc. 1-2 at 8–9). Shortly after, the Commissioner of the Social Security Administration ("Commissioner") appeared on behalf of the improperly named defendant, filed a Notice of Removal, and removed Plaintiff's case to this Court. (Doc. 1 at 1). Plaintiff objected and moved to remand the case to the Pinal County Superior Court, arguing his claims arose under state law. (Doc. 6 at 1). The Commissioner moved to dismiss the action under Federal Rule of Civil Procedure ("Rule") 12(b)(6), or in the alternative Rule 12(b)(1). (Doc. 15 at 1). After Plaintiff responded (Doc. 13), the Court granted the Commissioner's Motion to

Dismiss, finding the Court lacked subject matter jurisdiction because Plaintiff's claims arose under the Social Security Act and Plaintiff failed to comply with 42 U.S.C. § 405(g) to waive the Social Security Administration's sovereign immunity. (Doc. 21 at 4–6). Over three months later, Plaintiff filed the present motion. (Doc. 23).

## II. DISCUSSION

### a. Rule 60 Relief from a Judgment or Order

Plaintiff includes one line in his motion that says he "respectfully moves this Court for relief from the Order of dismissal entered at Docket 22 on May 20, 2026." (Doc. 23 at 1). Apart from this line and the motion title, which titles the motion "Emergency Motion For Relief From Judgment Under Fed. R. Civ. P. 60(b)(1)," Plaintiff includes no other argument detailing why he is entitled to relief under Rule 60(b)(1).

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). Under Rule 60(b), a party may obtain relief from judgment "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). Rule 60(b)(1) provides that the Court may grant relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect." "Excusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence,' and includes 'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal citations omitted).

Plaintiff makes no argument regarding "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Accordingly, the Court finds Plaintiff has failed to meet his burden to provide a basis for Rule 60(b)(1) relief. *See Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988) (noting that the moving party bears the burden of proving the existence of a basis for Rule 60(b) relief).

**b. Right to Appeal**

Under Federal Rule of Appellate Procedure ("Appellate Rule") 4(a)(1)(B), when one of the parties is the United States or a United States agency, a notice of appeal may be filed within 60 days after entry of the judgment. The Court may reopen the time to file an appeal only if (1) the Court finds the moving party did not receive notice under Rule 77(d) of the entry of the order sought to be appealed within 21 days after entry; (2) the motion is filed within 180 days after the order is entered or within 14 days after the moving party receives notice, whichever is earlier; and (3) the Court finds no party would be prejudiced. Fed. R. App. P. 4(a)(6).

The Court issued the Order granting the Commissioner's Motion to Dismiss on May 20, 2026. (Doc. 21). Plaintiff filed the instant motion on August 31, 2026, outside the 60-day window prescribed by Appellate Rule 4(a)(1)(B). (Doc. 23). Plaintiff argues Appellate Rule 4(a)(1)(B) applies because he did not receive mail or email notice of "reassignment or Dkt. 22 [the Clerk's judgment dismissing the case for lack of subject matter jurisdiction]." (Doc. 23 at 1). Plaintiff contends he checks his email daily, he applied for a PACER account but was "denied/ [received] no response," and he acted diligently upon learning of the dismissal. (*Id.* at 2–3). He argues he did not discover the dismissal until he "pulled the docket sheet in Phoenix." (*Id.* at 1).

There is little evidence as to when Plaintiff received notice of the Clerk's judgment. However, the docket reflects that Plaintiff was mailed copies of the Order Reassigning the Case and the Clerk's Judgment, and these documents were not returned in the mail. (Docs. 20, 21, receipts). Moreover, Plaintiff does not allege that he did not receive notice of the Court's May 20, 2026, Order granting the Commissioner's Motion to Dismiss, which indicated the Court was dismissing Plaintiff's Complaint for lack of subject matter jurisdiction and ordered the Clerk of the Court to enter judgment accordingly. (Doc. 21 at 6). Because there is no evidence or claim that Plaintiff did not receive notice of the Court's Order granting the Commissioner's Motion to Dismiss, a required element under Appellate Rule 4(a)(6) is not met, and the Court will not extend the time in which to file a notice of

appeal.

**c. Request for Hearing**

Plaintiff also argues he "previously filed a request for hearing which was not addressed prior to dismissal." The Court, however, in dismissing Plaintiff's Complaint, ordered that Plaintiff's Motion for Scheduling Hearing (Doc. 19) was denied. (Doc. 21 at 6). Plaintiff presently requests a hearing and a "telephonic/videoconference" under "LRCiv 83.3." (*Id.* at 2). LRCiv 83.3 governs appearances by attorneys or parties, names and address changes, the control an attorney as over a client's case after an attorney has appeared of record. It is therefore not applicable. The Court thus interprets this motion as a request for oral argument, which the Court will deny because oral argument will not aid the Court's decision-making process. *See e.g., Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Invs. Grp., Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

## III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's "Emergency Motion for Relief From Judgment Under Fed. R. Civ. P. 60(b)(1) And To Reopen Time To Appeal Under Fed. R. App. P. 4(a)(6); Declaration In Support; Request For Hearing," (Doc. 23), is **DENIED**.

Dated this 5th day of October, 2026.

James A. Teilborg
Senior United States District Judge